[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11998
Non-Argument Calendar

_____

D.C. Docket No. 0:07-cr-60158-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARDO ALPHONSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 22, 2021)

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ricardo Alfonso, a federal prisoner proceeding pro se,[1] appeals the district court's denial of compassionate release under Section 603 of the First Step Act of 2018[2] and 18 U.S.C. § 3582(c)(1)(A). No reversible error has been shown; we affirm.

In 2007, Alfonso pled guilty to conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. § 952(a). At sentencing, the district court granted the government's U.S.S.G. § 5K1.1 motion for a downward departure based on Alfonso's substantial assistance. The district court imposed a below-guidelines sentence of 196 months' imprisonment and a 5-year term of supervised release.

In May 2020, Alfonso filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and section 603 of the First Step Act. Among other things, Alfonso asserted that his medical conditions (palatal perforation, sleep apnea, and

---

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018).

2

"upper respiratory issues") and the risk of COVID-19 constituted extraordinary and compelling reasons to warrant his release.

The district court dismissed Alfonso's motion for lack of jurisdiction and, in the alternative, denied the motion on the merits.[3] After considering the record, the Presentence Investigation Report, and the sentencing factors in 18 U.S.C. § 3553(a), the district court concluded that relief was unwarranted. The district court determined that Alfonso's palatal perforation and sleep apnea constituted no extraordinary and compelling reasons that would justify relief. The district court also explained that granting Alfonso's motion would be inconsistent with the purposes of sentencing, including the need to promote respect for the law and the need to deter criminal conduct.

We review for abuse of discretion the district court's decision about whether to grant or deny a defendant compassionate release. See United States v. Harris, No. 20-12023, 2021 U.S. App. LEXIS 6040, at *6 (11th Cir. Mar. 2, 2021); see also United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020) (explaining the standard of review for a motion for reduction of sentence under an analogous provision of the First Step Act).

---

[3] That the district court erred in concluding it lacked jurisdiction to consider Alfonso's motion is undisputed.

In 2018, Congress enacted the First Step Act, which, in part, amended 18 U.S.C. § 3582(c)(1)(A) to increase the use and transparency of compassionate release of federal prisoners.  See First Step Act § 603.  The statute provides that a "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances.  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A)(i) currently reads this way:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The district court abused no discretion in denying Alfonso's motion for compassionate release.  Nothing evidences that Alfonso's medical conditions of palatal perforation, sleep apnea, and "upper respiratory issues"[4] -- by themselves -- are sufficiently serious or debilitating to command relief.  Nor has Alfonso shown that these medical conditions put him at sufficiently increased risk of complications from COVID-19 that they rise to the level of "extraordinary and compelling reasons."

---

[4] In his reply brief, Alfonso asserts for the first time that he also suffers from COPD and from obesity.  Because Alfonso failed to allege these medical conditions in his motion for relief in the district court, we will not consider them on appeal.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) ("[W]e do not address arguments raised for the first time in a pro se litigant's reply brief.").

4

In Harris, we affirmed the denial of compassionate release for a defendant who asserted that "her medical conditions of lupus, scleroderma, hypertension, glaucoma, and past cases of bronchitis and sinus infections put her at an increased risk of contracting COVID-19." See 2021 U.S. App. LEXIS 6040, at *3, 8. In doing so, we noted that only one of defendant's medical conditions (hypertension) appeared on the Center for Disease Control and Prevention's ("CDC") list of underlying medical conditions prompting extra COVID precautions. Id. at *7-8. We also noted that hypertension was labeled only as a condition that "might" put a person at increased risk of severe illness. Id. at *8. Based on the CDC's guidance, we concluded that the district court abused no discretion in deciding that defendant's medical conditions were not "extraordinary and compelling reasons" supporting compassionate release. Id.

Here, Alfonso's medical conditions of palatal perforation and sleep apnea are not included on the CDC's list of underlying medical conditions associated with increased risk of severe COVID-related illness. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 15, 2021). Nor does Alfonso's allegation about unspecified "upper respiratory issues" demonstrate sufficiently

5

that he is at increased risk.  See id. (categorizing respiratory conditions such as asthma and pulmonary fibrosis as conditions that "might" put a person at increased risk of COVID complications).

On this record, we cannot conclude that the district court abused its discretion in determining that Alfonso's complained-of medical conditions were not sufficiently "extraordinary and compelling" to warrant compassionate release. The district court also considered properly the section 3553(a) factors and the Sentencing Commission's policy statements in determining that relief was not justified in this case.

AFFIRMED.